IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED SPECIALTY INSURANCE COMPANY,**<br>*Plaintiff*<br><br>**v.**<br><br>**J.L.H., L-C CONCRETE, INC., ESTATE OF LAWRENCE ALAN CONN**<br>*Defendants.* | §§§§§§§§§§§§§ | **CIVIL ACTION NO.** 5:23-CV-441 |

## PLAINTIFF UNITED SPECIALTY INSURANCE COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff United Specialty Insurance Company ("USIC"), hereby files this Original Complaint against L-C Concrete, Inc. dba Texas Concrete Construction of San Antonio and/or Texas Concrete Construction Company, J.L.H., the Estate of Lawrence Alan Conn, and J.L.H., pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure, and shows:

### I.   INTRODUCTION

1.1. In this action, USIC seeks a judicial determination of the existence and extent of its duty to defend and indemnify against claims raised and damages sought in the lawsuit *J.L.H v. Lawrence Alan Conn et al.;* No. 2021C124301 in the 131st District Court of Bexar County, Texas ("Underlying Lawsuit"). A copy of the live pleading, second amended petition, is attached as Exhibit 1.

1.2. USIC issued a commercial general liability insurance policy to L-C Concrete, policy number ATN2016615, for the period July 15, 2020 – July 15, 2021 ("GL Policy") who

is a defendant in the Underlying Lawsuit. Attached hereto as Exhibit 2 is a true and correct copy of the GL Policy.

1.3. USIC also issued a commercial excess liability insurance policy to L-C Concrete, policy number BTN2016596, for the same period ("Excess Policy"). Attached hereto as Exhibit 3 is a true and correct copy of the Excess Policy.

## II. JURISDICTION

2.1. This is a suit for declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201-2202 to determine an actual case and controversy between the parties regarding the rights and obligations of the parties under certain insurance policies issued by USIC. Jurisdiction is founded upon diversity of citizenship between the parties as provided under 28 U.S.C.§ 1332(a).

2.2. The amount in controversy exceeds $75,000, exclusive of interest and costs, as USIC seeks a determination that it does not owe defense or indemnity for the alleged damages of the underlying plaintiff, who claims more than $1,000,000 in damages in her live pleading.

## III. VENUE

3.1. Venue is proper under 28 U.S.C. § 1391 since the insurance contracts in question were issued in this judicial district, and all or a substantial portion of events giving rise to this dispute occurred in this district.

## IV. PARTIES

4.1. Plaintiff USIC is a Delaware corporation with its principal place of business in the state of Georgia. It is duly authorized to issue insurance policies in the state of Texas.

4.2. Defendant L-C Concrete, Inc. dba Texas Concrete Construction of San Antonio and/or Texas Concrete Construction Company is a corporation organized under the laws of Texas and having its principal place of business in Bexar County, Texas. Its registered agent

for service is Bryon L. LeFlore, Jr., 2161 N.W. Military Highway, Suite 400, San Antonio, Texas 78213.

4.3. Defendant J.L.H. is a resident of San Antonio, Bexar County, Texas, and is Plaintiff in the underlying lawsuit, referenced below ("Underlying Plaintiff"). She may be served at her residence in San Antonio, or wherever she may be found. J.L.H. is joined as a defendant in this case because even though she is not a party to the Policies at issue, she will not be bound by a judgment rendered regarding the Policies' scope of coverage unless she is made a party to this lawsuit. *Dairyland County Mutual Insurance v. Childress,* 650 S.W.2d 770 (Tex. 1983*).*

4.4. Defendant Estate of Lawrence Alan Conn may be served by serving the duly appointed Independent Executor of the Estate, Laura Herlocker Conn, at her residence located at 701 Grandview Place, San Antonio, Texas 78209-5419, or wherever she may be found.

## V.   FACTUAL BACKGROUND

5.1. On November 23, 2021, J.L.H., as Underlying Plaintiff, filed the Underlying Lawsuit against L-C Concrete in the lawsuit styled Cause No. 2021c124301; *J.L.H. v. Lawrence Alan Conn et al*.; now pending in the 131st Judicial District Court of Bexar County, Texas (the "Underlying Lawsuit").

5.2. The suit alleges that Underlying Plaintiff was on the premises of property controlled by L-C Concrete located at 9806 Green Road in Converse, Texas. Exhibit 1 ¶ 12.

5.3. Underlying Plaintiff was on the premises in order to serve a citation on Lawrence Alan Conn ("Conn") and for service on L-C Concrete. Underlying Plaintiff did serve certain lawsuit papers.  Exhibit 1 ¶ 12.

5.4. It is further alleged that Conn became irate and demanded that Underlying Plaintiff go outside with him. While outside the building at the property, Underlying Plaintiff

accessed her vehicle and was attempting to leave the premises when Conn allegedly slammed a large heavy metal gate into the side of her vehicle. This caused her vehicle to suddenly stop and throw Underlying Plaintiff about the vehicle causing her to suffer bodily injury. Exhibit 1 ¶ 13.

5.5. Underlying Plaintiff alleges that the actions of Conn were intentional, and they were the proximate cause of her injuries. She sues for false imprisonment, assault and also for negligence. Exhibit 1 ¶ 15-17.

5.6. Underlying Plaintiff alleges the following: "the impact of the heavy gate striking her car was so violent it caused the car to immediately stop…." Exhibit 1 ¶ 13.

5.7. Underlying Plaintiff alleges the following: "Conn's actions in grabbing the heavy metal gate and slamming the gate into her car was an assault by indirect contact on J.L.H." Exhibit 1 ¶ 15.

5.8. Underlying Plaintiff alleges the following: "Defendant Conn acted intentionally, knowingly, or recklessly in causing the heavy metal gate to forcefully impact with J.L.H.'s car…." Exhibit 1 ¶ 15.

5.9. Underlying Plaintiff alleges the following: "Defendant Conn's actions were willful, without Plaintiff's consent or legal authority or jurisdiction." Exhibit 1 ¶ 16.

5.10. Underlying Plaintiff alleges the following: "Plaintiff's detention was accomplished by and through Defendant Conn's violent actions when he intentionally, knowingly, or recklessly caused the heavy metal gate to forcefully impact with J.L.H.'s car thereby causing injuries to J.L.H. and precluded her exit from the subject property." Exhibit 1 ¶ 16.

5.11. Underlying Plaintiff is seeking to recover in excess of $1,000,000 in compensatory damages for past and future medical expenses, physical impairment, physical

pain, mental anguish, lost wages and loss of earning capacity, exemplary damages, pre- and post-judgment interests and court costs. Exhibit 1 ¶ 18-19.

5.12. The Underlying Lawsuit was tendered to USIC for defense. USIC is defending L-C Concrete and Conn under a reservation of rights.

## VI.   POLICIES

6.1. USIC issued the commercial general liability policy ("GL Policy"), which provides insurance coverage subject to limits of $1 million per occurrence, subject to a $2 million in general aggregate and $5,000 per occurrence deductible which includes supplementary payments. Coverage provided by USIC is subject to provisions, conditions and exclusions outlined in the Commercial General Liability Coverage Form – CG0001 ed. 12/07.

6.2. The insuring agreement of Coverage A: Bodily Injury and Proper Damage provides:

> **SECTION I — COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

   e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

  6.3. The insuring agreement requires that a claim arise in relation to an "occurrence" which is defined in the GL Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

  6.4. Underlying Plaintiff's allegations and claims do not arise from an "occurrence" or an accident, and coverage is not owed.

  6.5. In addition, there are exclusions applicable to the Plaintiff's claims. The GL Policy provides an exclusion which bars coverage for:

   **a. Expected Or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

  6.6. Plaintiff's allegations are that Conn acted intentionally to harm her, including but not limited to the claims of assault and false imprisonment, and thus her claims would be barred by the Expected or Intended Injury Exclusion.

  6.7. The GL Policy also contains Coverage B: Personal and Advertising Injury.

  6.8. The insuring insuring agreement provides in relevant part:

> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
>> (1)     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>>
>> (2)     Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

6.9.   The GL Policy defines "personal and advertising injury" as follows:

> … injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a.  False arrest, detention or imprisonment; …..

6.10.   Coverage is barred for Underlying Plaintiff's claims based upon Conn's alleged actions in attempting to, and actually detaining Underlying Plaintiff on the premises.

6.11.   This coverage part is also subject to the following exclusion under Section 2 which bars coverage for:

> **a. Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

6.12. This coverage part is also subject to the following exclusion under Section 2 which bars coverage for:

> **d. Criminal Acts**
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

6.13. Underlying Plaintiff alleges that Conn was arrested and charged with Criminal Mischief (case no. 2021CR9086). Exhibit 1 ¶ 14.

6.14. The GL Policy bars coverage based on the applicability of Exclusions a. and/or Exclusion d.

6.15. The GL Policy is also subject to the Commercial General Liability Amendment to Insuring Agreement and Additional Exclusions and Definitions Endorsement, which provides in pertinent part the following:

> **Punitive or Exemplary Damage, Fines, and Penalties:**
>
> Exemplary or punitive damages, fines or penalties, based upon, arising out of, or imposed by or under any law, statute, or ordinance of any federal, state or municipal government agency, or any other types of fines, penalties, punitive damages, exemplary damages, treble damages, or the multiplication of compensatory damages, of any nature. We will not have an obligation to pay for any costs, interests or damages attributable to punitive or exemplary damages, or any fines or penalties of any nature under any statute, rule, or order of a court.
>
> This exclusion does not apply to the extent that the foregoing is expressly prohibited by state law or insurance department regulation.

6.16. Underlying Plaintiff's Lawsuit seeks recovery of exemplary damages, which are barred from coverage under the GL Policy.

6.17. In addition to the GL Policy, USIC issued for the same period the Excess Policy which provides $5 million per occurrence limits.

6.18. Under Section II – Who Is An Insured, Section 1.d., an organization is an insured, as well as its "executive officers" and directors but only with "respect to their duties as your officers or directors".

6.19. The GL Policy was issued to L-C Concrete, an organization; upon information and belief Conn was the president and owner of L-C Concrete.

6.20. Conn's conduct and actions, however, as alleged by Underlying Plaintiff, would not be within the scope his official duties for L-C Concrete. To the extent that his actions in slamming the gate onto the Plaintiff's car relate to L-C Concrete or him as an officer or director, his actions were outside the course of any official duties, and USIC does not owe coverage for Conn's actions on this basis as he/Conn would not qualify as an insured under the GL Policy.

6.21. The Excess Policy provides that it will follow the form, provisions and terms of the controlling underlying insurance, in this case, the GL Policy, identified on the Schedule of Underlying Insurance; specifically:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply. However, the coverage provided under this Coverage Part will not be broader than that provided by the applicable "controlling underlying insurance".

6.24 The insuring agreement also provides that USIC will:

> …pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies. We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance."

6.25    For those reasons identified above as to the GL Policy, coverage is not owed under the Excess Policy.

## VII.    DECLARATORY RELIEF

7.1.    USIC adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

7.2.    There is a justiciable, actual and bona fide controversy between the parties regarding the rights and obligations of USIC under the GL Policy and Excess Policy as it applies to the Underlying Lawsuit.

7.3.    USIC seeks a judicial declaration of its rights and duties, and the Court's declarations will confer certainty on the parties and serve the interests of justice.

7.4.    USIC seeks the following declarations:

   a. USIC has no duty to defend L-C Concrete or the Estate of Conn for the clauses asserted in the Underlying Lawsuit;

   b. USIC has no duty to indemnify L-C Concrete or the Estate of Conn for the clauses asserted in the Underlying Lawsuit;

7.5.     USIC also reserves the right to seek all relief otherwise available to it under statutory, contract or common law.

## PRAYER

WHEREFORE, Plaintiff United Specialty Insurance Company respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties as follows:

   a. Defendants be cited to appear and answer;

b. The Court enter an order that USIC has no obligation under the GL Policy to defend L-C Concrete or the Estate of Conn for claims asserted in the Underlying Lawsuit;

c. The Court enter an order that USIC has no obligation under the Excess Policy to defend L-C Concrete or the Estate of Conn for claims asserted in the Underlying Lawsuit;

d. The Court enter an order that USIC has no obligation under the GL Policy to indemnify L-C Concrete or the Estate of Conn for claims asserted in the Underlying Lawsuit;

e. The Court enter an order that USCI has no obligation under the Excess Policy to indemnify L-C Concrete or the Estate of Conn for claims asserted in the Underlying Lawsuit; and

f. The Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

BY:   */s/ Mary Cazes Greene*
Mary "Amy" Cazes Greene
TBN 24005627
PHELPS DUNBAR LLP
910 Louisiana Street • Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email:  amy.greene@phelps.com

**ATTORNEY FOR PLAINTIFF UNITED SPECIALTY INSURANCE COMPANY**